
FILED

JAN 27 2017

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| KADRMAS, LEE & JACKSON, INC.<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA OPTICOM, LLC; and THE UNITED STATES OF AMERICA,<br><br>Defendants. | No. CV 16-59-BU-SEH<br><br>ORDER |

Pending before the Court is Plaintiff's Unopposed Motion to Permit

Telephonic Appearance at Status Conference,[1] which requests that both of

---

[1] Doc. 15.

Plaintiff's counsel, Stephen D. Bell, Esq. and Ben D. Kappelman, Esq., appear telephonically at the status conference set for January 30, 2017.

L.R. 83.1(5) provides:

*Duties of Local Counsel*. Local counsel must participate actively in all phases of the case, including, but not limited to, attendance at depositions and court proceedings, preparations of briefs and discovery requests and responses, and all other activities to the extent necessary for local counsel to be prepared to go forward with the case at all times. Unless otherwise ordered, local counsel must sign all pleadings, motions, and briefs. The court, in extraordinary circumstances and on motion by local counsel, may suspend or modify local counsel's duties. If the court alters local counsel's duties or waives this rule—neither of which will occur routinely—all documents subsequently filed must be signed by counsel actively involved in the case.

The rules of this Court require and the Court expects that all counsel who appear to be prepared to appear and fully participate in all proceedings set upon notice. The pending motion in this instance seeks modification of counsel's duties under L.R. 83.1(5).

The Court is aware that both counsel for Plaintiff named on the pleadings are associated with a major law firm with some 19 offices located in four separate countries. Seven lawyers employed by the firm are resident in Montana, three of whom are listed as admitted to practice in this Court. Two additional Dorsey and

Whitney lawyers located in Minneapolis are also listed as admitted to practice in this Court.

The Court recognizes that personal appearance by Ben Kappelman at the conference may present some measure of personal inconvenience to him and to his spouse. However, it remains a reality that personal inconvenience to counsel warrants excuse from personal participation at a court conference only in the most extraordinary circumstances.

If both counsel of record for Plaintiff are precluded by preexisting commitments from attendance at the status conference, arrangement should be made forthwith for another Dorsey and Whitney lawyer admitted to practice in this Court to enter his or her appearance as counsel for Kadrmas, Lee & Jackson, Inc., to prepare for the conference, and to be present at the conference to fully represent Kadrmas, Lee & Jackson, Inc.'s interests.

ORDERED:

1. Plaintiff's Unopposed Motion to Permit Telephonic Appearance at Status Conference[2] is DENIED.

---

[2] Doc. 15.

2. The status conference will proceed as ordered on January 23, 2017.[3]

DATED this 27th day of January, 2017.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[3] Doc. 2.